UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ELIO A. RIQUENES
and other similarly situated individuals,

    Plaintiff (s),

v.

PRIMERO AUTO PARTS, INC.
and EMILIO BRUSCANTINI,
individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ELIO A. RIQUENES by and through the undersigned counsel, and hereby sues Defendants PRIMERO AUTO PARTS, INC., and EMILIO BRUSCANTINI, individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages, and for retaliation under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. At all times material hereto Plaintiff ELIO A. RIQUENES is a resident of Miami, Dade County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

3. Defendant PRIMERO AUTO PARTS, INC. (hereinafter PRIMERO AUTO PARTS) is a Florida corporation, having its main place of business in Miami-Dade County, Florida, where the Plaintiff worked. The Defendant was and is engaged in interstate commerce.

4. The individual Defendant EMILIO BRUSCANTINI is the owner/partner and director of PRIMERO AUTO PARTS, INC. The Defendant EMILIO BRUSCANTINI had operational control of the business and he is the employer of Plaintiff within the meaning of 29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff ELIO A. RIQUENES brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.,* on behalf of himself and other similarly situated employees of Defendant.

7. The Defendant PRIMERO AUTO PARTS is a direct importer and a wholesale distributor of aftermarket auto-parts. Defendant specializes in aftermarket collision parts.

8. Defendants PRIMERO AUTO PARTS and EMILIO BRUSCANTINI employed Plaintiff ELIO A. RIQUENES from approximately August 1, 2016, through May 16, 2020, or 197 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 156 weeks.

9. Plaintiff was a non-exempted, full-time employee, and he was paid a salary of $800.00 weekly.

10. Plaintiff was employed as a warehouse and maintenance employee performing the same or similar duties as that of those other similarly situated employees. Plaintiff duties included,

shipping and receiving, stocking and storage merchandise, pulling orders, packing, maintenance, janitorial work, and disposal of warehouse waste material. The Plaintiff had additional responsibilities opening and closing the business.

11. While employed by the Defendants, the Plaintiff had a regular schedule, he worked 6 days per week. Plaintiff worked from Monday to Friday from 7:00 AM to 7:00 PM (12 hours each day); and on Saturdays, the Plaintiff worked from 8:30 to 2:00 PM (5.5 hours). Plaintiff completed a minimum of 65.5 working hours weekly. The Plaintiff was unable to take bonafide lunch periods.

12. Plaintiff worked more than 40 hours every week period, but he was paid the same salary regardless of the number of hours paid.  Plaintiff was not paid for overtime hours as established by the FLSA.

13. Plaintiff did not clock in and out, but the Defendants were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid weekly strictly in cash, without any records or paystubs showing basic information such as the number of days and hours worked, job classification, employee's taxes withheld, etc.

16. Plaintiff was not in agreement with the lack of payment for overtime hours and he complained multiple times with the owner of the business.

17. On or about May 16, 2020, Plaintiff complained about unpaid overtime hours and other conditions of employment, for the last time.

18. As a result, the same day, Defendant EMILIO BRUSCANTINI fired Plaintiff without paying him his current workweek.

19. On or about May 16, 2020, the Plaintiff was fired due to his multiple requests for overtime payment and due to discriminatory reasons.

20. Plaintiff is in the process of filing his Charge of Discrimination with the Equal Employment Opportunity (EEOC).

21. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate about his unpaid overtime, based on his best recollections.

22. Plaintiff seeks to recover for unpaid regular wages, overtime wages, retaliatory damages, and any other relief as allowable by law.

23. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

24. Plaintiff ELIO A. RIQUENES re-adopts every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

25. This action is brought by Plaintiff ELIO A. RIQUENES and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C.

§ 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

26. The employer PRIMERO AUTO PARTS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is an importer and wholesale distributor of aftermarket auto-parts. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was at all times material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage

27. Plaintiff was employed by an enterprise engaged in interstate commerce and through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated directly in interstate business, by handling goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

28. Defendants PRIMERO AUTO PARTS and EMILIO BRUSCANTINI employed Plaintiff ELIO A. RIQUENES from approximately August 1, 2016, through May 16, 2020, or 197 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 156 weeks.

29. Plaintiff was a non-exempted, full-time warehouse employee, and he was paid a salary of $800.00 weekly.

30. While employed by the Defendants, the Plaintiff had a regular schedule, he worked 6 days per week a minimum of 65.5 working hours weekly. The Plaintiff was unable to take bonafide lunch periods.

31. Plaintiff worked more than 40 hours every week period and he was paid the same salary regardless of the number of hours paid. Plaintiff was not paid for overtime hours as established by the FLSA.

32. Plaintiff did not clock in and out, but the Defendants were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

33. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. Plaintiff was paid weekly strictly in cash, without any records or paystubs showing basic information such as the number of days and hours worked, job classification, employee's taxes withheld, etc.

35. The records, concerning the number of hours, worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and

custody of Defendants. Nevertheless, upon information and belief, Defendants did not keep any time-keeping method and did not maintain accurate and

36. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

38. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

39. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

　　a. <u>Total amount of alleged unpaid wages</u>:

　　　Twenty-Four Thousand Three Hundred Six Dollars and 36/100 ($24,306.36)

　　b. <u>Calculation of such wages</u>:

　　　Total period of employment: 197 weeks
　　　Total relevant weeks of employment: 156 weeks
　　　Total hours worked: 65.5 hours weekly
　　　Overtime hours: 25.5 overtime hours weekly
　　　Salary: $800.00 weekly: 65.5 hours worked = $12.22 an hour
　　　Regular rate: $12.22 x 1.5 = $18.33 O/T rate – 12.22= $6.11 Half-time difference

　　　Half-time O/T rate $6.11 x 25.5 O/T hours=$155.81 weekly
　　　$155.81 weekly x 156 weeks=$24,306.36

　　c. <u>Nature of wages (e.g. overtime or straight time)</u>:

　　　This amount represents the unpaid overtime.

40. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those

similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

41. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

42. At the times mentioned, individual Defendant EMILIO BRUSCANTINI was the owner/president and director of Defendant Corporation PRIMERO AUTO PARTS. Individual Defendant EMILIO BRUSCANTINI was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of PRIMERO AUTO PARTS in relation to its employees including Plaintiff and others similarly situated. Individual Defendant EMILIO BRUSCANTINI had total financial and operational control of the Corporation, he determined Plaintiff's employment terms and conditions of employment and is jointly and severally liable for Plaintiff's damages

43. Defendants PRIMERO AUTO PARTS and EMILIO BRUSCANTINI willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment, as set forth above.

44. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ELIO A. RIQUENES and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Defendants PRIMERO AUTO PARTS and EMILIO BRUSCANTINI based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ELIO A. RIQUENES and those similarly situated demand trial by a jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

45. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

46. The employer PRIMERO AUTO PARTS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is an

importer and wholesale distributor of aftermarket auto-parts. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was at all times material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is enterprise coverage

47. Plaintiff was employed by an enterprise engaged in interstate commerce and through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated directly in interstate business, by handling and selling services, goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

48. This action is brought by the Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

        (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

        (B) $6.55 an hour, beginning 12 months after that 60th day; and

        (C) $7.25 an hour, beginning 24 months after that 60th day.

49. Defendants PRIMERO AUTO PARTS and EMILIO BRUSCANTINI employed Plaintiff ELIO A. RIQUENES from approximately August 1, 2016, through May 16, 2020, or 197 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 156 weeks.

50. Plaintiff was a non-exempted, full-time warehouse employee, and he was paid a salary of $800.00 weekly.

51. While employed by Defendants, Plaintiff worked an average of 65.5 hours (Sixty-Five and a half hours) per week. However, at the time of his firing Plaintiff was denied the payment of his last week of employment.

52. Therefore, Plaintiff was not paid for all hours worked. There is a substantial number of hours that were not compensated at any rate, not even at the minimum wage rate as established by the FLSA.

53. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other similarly situated individuals

54. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

55. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

56. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

57. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage in 2020 is $8.56, which is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   Five Hundred Sixty Dollars and 68/100 ($560.68)

   b. <u>Calculation of such wages</u>:

   Total relevant weeks of employment:  156 weeks
   Total of unpaid weeks: 1 week
   Total hours worked: 65.5 hours per week
   Total unpaid hours:  65.5 hours
   Regular rate: $12.22
   Florida minimum wage 2020: $8.56 an hour

   $8.56  x 65.5 hours= $560.68

   c. <u>Nature of wages</u>:

   This amount represents unpaid minimum wages at Florida rate.

58. The Defendants unlawfully failed to pay minimum wages to Plaintiff.  Plaintiff seeks to recover for minimum wage violations accumulated during his relevant time of employment.

59. The Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

60. At the times mentioned, individual Defendant EMILIO BRUSCANTINI was the owner/president and director of Defendant Corporation PRIMERO AUTO PARTS. Individual Defendant EMILIO BRUSCANTINI was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of PRIMERO AUTO PARTS in relation to its employees including Plaintiff and others similarly situated. Individual Defendant EMILIO BRUSCANTINI had total financial and operational control of the Corporation, he determined Plaintiff's employment terms and conditions of employment and is jointly and severally liable for Plaintiff's damages

61. Defendants PRIMERO AUTO PARTS and EMILIO BRUSCANTINI willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States as set forth above and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants or as set forth above.

62. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ELIO A. RIQUENES respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants PRIMERO AUTO PARTS and EMILIO BRUSCANTINI on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ELIO A. RIQUENES and those similarly situated demand trial by jury of all issues triable as of right by jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTS

63. Plaintiff ELIO A. RIQUENES re-adopts every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

64. The employer PRIMERO AUTO PARTS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is an importer and wholesale distributor of aftermarket auto-parts. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the

annual gross revenue of the Employers/Defendant was at all times material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

65. Plaintiff was employed by an enterprise engaged in interstate commerce and through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated directly in interstate business, by handling goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

66. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

67. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

68. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

69. Defendants PRIMERO AUTO PARTS and EMILIO BRUSCANTINI employed Plaintiff ELIO A. RIQUENES from approximately August 1, 2016, through May 16, 2020, or 197 weeks. However, for FLSA purposes, Plaintiff's relevant period of employment is 156 weeks.

70. Plaintiff was a non-exempted, full-time warehouse employee, and he was paid a salary of $800.00 weekly.

71. While employed by the Defendants, the Plaintiff had a regular schedule, he worked 6 days per week a minimum of 65.5 working hours weekly. The Plaintiff was unable to take bonafide lunch periods.

72. Plaintiff worked more than 40 hours every week period and he was paid the same salary regardless of the number of hours paid. Plaintiff was not paid for overtime hours as established by the FLSA.

73. Plaintiff did not clock in and out, but the Defendants were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

74. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

75. Plaintiff was paid weekly strictly in cash, without any records or paystubs showing basic information such as the number of days and hours worked, job classification, employee's taxes withheld, etc.

76. Plaintiff was a non-exempt employee entitled to be paid for overtime hours. However, Defendants failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate as established by the Fair Labor Standards Act.

77. Plaintiff was not in agreement with the lack of payment for overtime hours and he complained multiple times with the owner of the business EMILIO BRUSCANTINI.

78. Plaintiff complained and requested to be paid for overtime hours on or about February 25, April 28, 2020.

79. These complaints about overtime payment constituted protected activity under the Fair Labor Standards Act.

80. On or about May 16, 2020, Plaintiff complained about unpaid overtime hours to EMILIO BRUSCANTINI, for the last time.

81. As a result, Defendant EMILIO BRUSCANTINI fired Plaintiff without paying him his current workweek.

82. At all times during his employment, the Plaintiff performed his work satisfactorily, and there was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

83. The termination of Plaintiff ELIO A. RIQUENES by the Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because of his complaints about overtime payment, in violation of Federal Law.

84. Moreover, Plaintiff's termination came just immediately after Plaintiff's participation in protected activity the same day May 316, 2020.

85. At the times mentioned, individual Defendant EMILIO BRUSCANTINI was the owner/president and director of Defendant Corporation PRIMERO AUTO PARTS. Individual Defendant EMILIO BRUSCANTINI was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of PRIMERO AUTO PARTS in relation to its employees including Plaintiff and others similarly situated. Individual Defendant EMILIO BRUSCANTINI had total financial and operational control of the Corporation, he determined Plaintiff's employment terms and conditions of employment and is jointly and severally liable for Plaintiff's damages

86. Defendants PRIMERO AUTO PARTS and EMILIO BRUSCANTINI willfully and maliciously retaliated against Plaintiff ELIO A. RIQUENES by engaging in retaliatory

actions that were materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

87. The motivating factor which caused Plaintiff ELIO A. RIQUENES to be fired, as described above was his complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been fired, but for his complaint for overtime wages.

88. The Defendants' adverse actions against Plaintiff ELIO A. RIQUENES were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

89. Plaintiff ELIO A. RIQUENES has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ELIO A. RIQUENES respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff ELIO A. RIQUENES by Defendants PRIMERO AUTO PARTS and EMILIO BRUSCANTINI was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants PRIMERO AUTO PARTS and EMILIO BRUSCANTINI awarding Plaintiff ELIO A. RIQUENES liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

F. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and

pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable as per 29 U.S.C. 216(b).

### JURY DEMAND

Plaintiff ELIO A. RIQUENES and demands trial by jury of all issues triable as of right by jury

DATED: May 25, 2020

Respectfully submitted,

By: __/s/ **Zandro E. Palma**__
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*